■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID MINNIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 9, 1964 on his plea of guilty, convict-

ing him of attempted felonious possession of a dangerous weapon (Penal Law, § 1897), and imposing sentence upon him as a second offender. Defendant also brings up for review a prior order made October 15, 1963 after a hearing, which denied his motion to suppress certain evidence. The action is remitted to the court below for the purposes stated herein; and, pending the court's further action, this appeal will be held in abeyance. In our opinion, the decision of the court below determining the motion to suppress did not comply with the requirements of *People* v. *Lombardi* (18 A D 2d 177, affd. 13 N Y 2d 1014), in that the decision contained merely conclusory statements, without any statement of the *facts* upon which the court relied in denying the motion. Were it not for that defect in the decision, on this record we would have affirmed both the judgment and the order denying suppression, since: (a) there was sufficient evidence to support the order; and (b) there is no merit in defendant's claim that his guilty plea was induced by a misrepresentation as to sentence. It clearly appears that his plea was entered after a full explanation by the court as to the crime, the plea and the sentence to be imposed. Accordingly, on the court's own motion this action is remitted to the Criminal Term of the Supreme Court, Kings County, for the purpose of: (a) either amending its decision on the motion to suppress, or the making of a new decision thereon in compliance with the requirements of *People* v. *Lombardi* (*supra*); and (b) further proceedings not inconsistent herewith. In the interim, the pending appeal in this action will be held in abeyance. Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.